Filed 12/14/23  P. v. Sandoval CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT ANTHONY SANDOVAL,<br><br>        Defendant and Appellant. | F085161<br><br>(Super. Ct. No. F22901227)<br><br><br>**OPINION** |

-ooOoo-

        APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

        John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Defendant Robert Anthony Sandoval argues the trial court failed to instruct the jury on a lesser included offense and improperly took judicial notice of the flash point of gasoline. We affirm.

# PROCEDURAL HISTORY

On July 1, 2022, the Fresno County District Attorney's Office filed an amended information charging defendant with arson of an inhabited structure (Pen. Code, § 451, subd. (b); count 1), and possession of a destructive device (*id.*, § 18710, subd. (a); count 2).

On July 6, 2022, a jury convicted defendant of both counts. Defendant was sentenced to the middle term of five years on count 1, and the middle term of two years on count 2, concurrent, for an aggregate term of five years in prison.

On October 25, 2022, defendant filed a timely notice of appeal.

# FACTS

We summarize the facts relevant to the issues presented in the instant appeal.

On February 27, 2022, around 9:00 a.m., Brenda M. heard something fall on the roof of her house. When she went outside, she saw a fire on the roof of her house, in the area closest to the alley. Jose F., who also lives at that address with his family, went up on the roof and put the fire out. Brenda M. found a broken, smoking bottle on the ground, and Jose F. found a bottle on the roof that had rolled behind one of the solar panels. Surveillance footage of the property, which was shared with law enforcement, showed someone throwing the bottles.

Officers Daniel Renteria and Justin Batty were dispatched to the scene. Renteria examined the roof and found a glass bottle with a black rag hanging out of it near one of the solar panels. Renteria also noted the solar panels closest to the alley had been burned and the shingles were still hot. Finally, Renteria saw defendant yelling in the corner of a

backyard in the neighboring residence. Renteria recognized defendant from prior law enforcement contacts and from his shaved head and the tattoos on his face.

The bottle Renteria recovered from the roof had burnt residue inside it, and both the bottle and the rag smelled of gasoline. It also had a brand sticker on the bottle. The broken bottle found on the ground also smelled of gasoline and had a rag stuffed in it, but only the neck of the bottle remained.

Renteria reviewed the surveillance footage and noted a figure with a shaved head, wearing dark clothing, walking in the backyard of the neighboring residence. Shortly afterward, two items were tossed over the fence, one striking the roof of Brenda M.'s house and the other falling to the ground where the broken bottle was found.

Renteria and Batty proceeded to the neighboring residence to speak with defendant. Defendant was alone in the backyard and had not moved from the corner where Renteria first saw him. While speaking with defendant, Renteria noticed in a trash can near defendant several bottles matching the bottles found on the roof of Brenda M.'s home with the same brand stickers. Renteria also located a half-empty gas can at the front of the residence.

Batty spoke with defendant, who denied knowing anything about the burning bottles. When defendant was searched incident to his arrest, Batty recovered a lighter from his possession.

## DISCUSSION

### I. The Trial Court's Lack of Instruction on the Lesser Included Offense of Recklessly Burning an Inhabited Structure Was Invited Error

Defendant argues the trial court failed to instruct the jury on the lesser included offense of recklessly burning an inhabited structure, in violation of his due process rights. We find the error was invited and defendant is barred from relief.

## A. Background

The trial court discussed jury instructions with defendant and the prosecution, where defendant requested the trial court not instruct on the lesser included offense:

> "THE COURT:  Now let's clarify, also, finally, the lesser-included. [¶] The Court, yesterday, informed the defense that it believes the lesser-included of Count 1, the [Penal Code section] 451(a), is [section] 452.  And [section] 452, reading from the statute, [section] 452 is, unlawfully causing a fire.  The only difference, essentially—and I'm summarizing—is the state of mind necessary.  [Section] 451 requires 'maliciously' and [section] 452 is 'recklessly.'

> "The Court was of the opinion that there might be somewhat of a close call—there might be an interpretation of the evidence from which the jury could conclude that, be it [defendant] or whoever it was, that apparently threw the container out of the backyard of the Duff [Avenue] location into the—onto the roof where the fire occurred, was, rather than malicious, was reckless.

> "So I'll turn to [defense counsel] and ask him, for sentencing reasons, if he is requesting the Court not provide the lesser.

> "[Defense counsel], your position on that?

> "[DEFENSE COUNSEL]:  My position is I'm asking the Court not to provide the lesser-included CALCRIM 1515 and 1531.

> "THE COURT:  And that seems very appropriate to the Court.  It appears to the Court that the critical issue here has been presented by both defense counsel and the prosecution, and that is identity of the person that threw the bottles; for [defense counsel] to then argue to the jury it wasn't his client, but if it was his client, it was only a lesser-included and appears to be internally inconsistent.

> "I therefore understand [defense counsel's] tactical position.  It appears he's providing exactly the representation he should provide.  It is a tactical decision that the Court feels is more than justified.  And for those reasons, I will not provide the lesser-included instructions."

## B. Analysis

The well-established doctrine of invited error prohibits an appellant from "gaining reversal on appeal because of an error made by the trial court at his behest." (*People v.*

*Bunyard* (1988) 45 Cal.3d 1189, 1234 (*Bunyard*), abrogated on other grounds in *People v. Diaz* (2015) 60 Cal.4th 1176, 1190.)

"For the doctrine to apply, 'it must be clear from the record that defense counsel made an express objection to the relevant instructions. In addition, because important rights of the accused are at stake, it also must be clear that counsel acted for tactical reasons and not out of ignorance or mistake.' [Citation.] However, '[t]he existence of some conceivable tactical purpose will not support a finding that defense counsel invited an error in instructions. The record must reflect that counsel had a deliberate tactical purpose.' [Citation.]" (*Bunyard*, *supra*, 45 Cal.3d at p. 1234.)

"Despite the circumstance that it is the *court* that is vested with authority to determine whether to instruct on a lesser included offense, the doctrine of invited error still applies if the court accedes to a defense attorney's tactical decision to request that lesser included offense instructions not be given. Such a tactical request presents a bar to consideration of the issue on appeal. [Citations.]" (*People v. Prince* (2007) 40 Cal.4th 1179, 1265.)

Primarily, defendant concedes the invited error doctrine bars reversal in this case. We agree. The record clearly states defendant's trial counsel requested the court not give the lesser included instruction on recklessly burning an inhabited structure. The trial court noted this was a tactical decision because defendant's primary defense was that he was not the person who caused the fire, and the lesser included instruction was not internally consistent with defendant's tactical position.

Therefore, defendant clearly made an express objection to the instruction and acted for a deliberate, tactical purpose and not out of ignorance or mistake. (*Bunyard*, *supra*, 45 Cal.3d at p. 1234.) The doctrine of invited error forecloses defendant relief on this issue.

## II. The Trial Court Did Not Abuse Its Discretion by Taking Judicial Notice of the Flash Point of Gasoline

Defendant argues the trial court improperly took judicial notice of the flash point of gasoline because it was not a proper subject for judicial notice, and defendant was not provided adequate notice as required by Evidence Code section 453.  We find the trial court did not abuse its discretion.

### A. Background

On July 5, 2022, the prosecution requested the trial court take judicial notice of the flash point of gasoline pursuant to Evidence Code section 452, subdivision (h).  The court commented as follows:

> "THE COURT:  [¶] … [¶] And, finally, the People's request for judicial notice pursuant to [Evidence Code] Section 452(h) which allows for judicial notice of facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resources of reasonably indisputable accuracy.
>
> "[Prosecutor], as an officer of the court, has represented that the flashpoint [*sic*] of gasoline is ….
>
> "[PROSECUTOR]:  Your honor, the People would be asking for the Court to take judicial notice in regards to the flashpoint [*sic*] of gasoline being negative 45 degrees Fahrenheit.
>
> "THE COURT:  And the source of that information is?
>
> "[PROSECUTOR]:  And the source for that information is the National Institute for Occupational Safety and Health Guide from the CDC, Centers for Disease Control and Prevention website.
>
> "THE COURT:  Okay.  So [the prosecutor] has made that request.  The Court is going to defer final ruling to allow [defense counsel]—he has noted that he does not have notice of this request.  I believe both parties are doing their best.  I'm going to give [defense counsel] the remainder of the day to do any research he feels is necessary.  And either at the end of the day today or tomorrow morning, the Court will make a final determination.
>
> "It does appear to be a matter that the Court can take judicial notice of pursuant to [Evidence Code section] 452(h), but, again, that's my

6.

tentative. But I'm going to defer any final ruling to allow [defense counsel] the time necessary to conduct his research."

On July 6, 2022, defendant filed opposition to the prosecution's request for judicial notice. Defendant argued he was not provided sufficient notice because the prosecution had provided notice by e-mail on July 4, 2022, a holiday, one day before trial was set to begin. Defendant argued the evidence requested judicially noticed was also generally proffered by an expert witness. Defendant did not indicate he had a substantive objection to the requested judicial notice.

On July 6, 2022, the trial court held a hearing on the matter.

"THE COURT: [¶] … [¶] Yesterday, the People provided authority obtained from, I believe—was it the CDC?

"[PROSECUTOR]: It was the 'National Institute for Occupational Safety and Health Guide,' and it was from the CDC website.

"THE COURT: Which appears to be, as defined in Evidence Code [section] 452(h), 'sources of reasonably, indisputable accuracy'; it's a cite. And also looking at [Evidence Code section] 452(h), which is what factors or what the Court may take judicial notice of, 'includes facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably, indisputable accuracy,' which [the prosecutor] has provided to the Court.

"I'm not aware nor has any counsel provided any argument that the flashpoint [*sic*] of gasoline is anything other than something that is not reasonably subject to dispute.

"I did receive a written objection from [defense counsel]. [Defense counsel's] objections are timely. They were made immediately yesterday. [Defense counsel] was not objecting to the factor of judicial notice alone, but was objecting to the timeliness of the notice.…

"[DEFENSE COUNSEL]: That's correct, Your Honor. My argument is essentially such that, when we received the trial disclosures, I reviewed them. I saw who the witnesses were, made a determination that there was nobody on that list that could proffer expert testimony about the flashpoint of gasoline. Therefore, I did not get a fire expert.

"THE COURT: Do you have … any information that the flashpoint of gasoline or that it's reasonably subject to dispute, what the flashpoint of gasoline is?

"[DEFENSE COUNSEL]: I have no authority at this point as to whether or not that is actually in dispute pursuant to [Evidence Code section] 452(h). However—and that's the status of my knowledge at this time. Whether or not that could have changed based on consultation with an expert, remains to be seen. [¶] … [¶]

"THE COURT: Okay. I appreciate that. I don't believe it is, but I appreciate your argument.

"Also, this is a unique case in the sense that whatever flammable liquid was there itself, was burned off. The officer did state—at least one or both officers talked about the red container that was containing gasoline, but that's not the item that was used to start the fire. I know the argument is the gasoline came from the red container into [the bottles], but that was all burned off.

"So I understand your position, but I believe the notice was timely enough to allow Defense to provide additional information if necessary. We'll show the objection was made, the objection was timely, though the objection is overruled."

## B.    Legal Standard

"[A]ny person … who, within this state, possesses any destructive device … is guilty of a public offense." (Pen. Code, § 18710, subd. (a).) A destructive device includes, in relevant part, "[a]ny breakable container that contains a flammable liquid with a flashpoint of 150 degrees Fahrenheit or less and has a wick or similar device capable of being ignited, other than a device which is commercially manufactured primarily for the purpose of illumination." (*Id.*, § 16460, subd. (a)(5).)

A trial court must take judicial notice of any matter specified in Evidence Code section 452 if a party requests it, gives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request, and furnishes the court with sufficient information to enable it to take judicial notice of the matter. (*Id.*, § 453.)

8.

Otherwise, judicial notice may be taken of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).) Unlike compulsory notice under Evidence Code section 453, discretionary notice under section 452 does not require notice of the request to the adverse party.

"Judicial notice under Evidence Code section 452, subdivision (h) is intended to cover facts which are not reasonably subject to dispute and are easily verified. These include, for example, facts which are widely accepted as established by experts and specialists in the natural, physical, and social sciences which can be verified by reference to treatises, encyclopedias, almanacs and the like or by persons learned in the subject matter." (*Gould v. Maryland Sound Industries*, *Inc.* (1995) 31 Cal.App.4th 1137, 1145.) "Matters of scientific certainty are subject to judicial notice." (*McAllister v. Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 408, 414.)

Finally, with respect to any matter specified in Evidence Code section 452 that is of substantial consequence to the determination of the action, "[i]f the trial court has been requested to take or has taken or proposes to take judicial notice of such matter, the court shall afford each party reasonable opportunity, before the jury is instructed or before the cause is submitted for decision by the court, to present to the court information relevant to (1) the propriety of taking judicial notice of the matter and (2) the tenor of the matter to be noticed." (*Id.*, § 455, subd. (a).)

We review any ruling by a trial court as to the admissibility of evidence, including rulings on requests for judicial notice, for abuse of discretion. (*People v. Alvarez* (1996) 14 Cal.4th 155, 201; *Physicians Committee for Responsible Medicine v. Los Angeles Unified School Dist.* (2019) 43 Cal.App.5th 175, 182.)

## C.     Analysis

Defendant argues he was not given enough time to prepare because the prosecution first sent notice on July 4, a holiday, and the court ultimately ruled on the request on July 6.

Neither Evidence Code section 453 nor 455 requires that notice be given any specific amount of time prior to the trial court ruling on a request for judicial notice.  In both instances, notice must only be "sufficient" for an adverse party to prepare for the request (*id.*, § 453) or the party be given a "reasonable opportunity" to present information relevant to the request (*id.*, § 455).

We cannot say that notice in this case was insufficient.  On July 6, defense counsel stated, "I have no authority at this point as to whether or not [the flash point of gasoline] is actually in dispute pursuant to [Evidence Code section 452, subdivision (h)]."  Defendant argued he needed two to three weeks to locate a fire expert to form a conclusion whether or not the flash point of gasoline is subject to debate.  Defendant now argues that only a trained scientist can know whether a variety of factors influence the flash point of gasoline.

However, pursuant to Evidence Code section 452, subdivision (h), defendant need only have found *any* authority which rendered the question "reasonably subject to dispute."  Defendant need not have solved the actual flash point of gasoline to challenge the request for judicial notice.  One day's notice was sufficient for defendant to conduct preliminary research into a single scientific issue and prepare for the request.

Defendant then argues the flash point of gasoline is not a proper subject of judicial notice.  The prosecution presented the flash point of gasoline as -45 degrees Fahrenheit, as stated by the National Institute for Occupational Safety and Health Guide from the Centers for Disease Control and Prevention Web site.  Absent any evidence to the contrary, it is not an abuse of discretion for the trial court to determine that the flash point

10.

of gasoline is a "[matter] of scientific certainty … subject to judicial notice." (*McAllister v. Workmen's Comp. App. Bd.*, *supra*, 69 Cal.2d at p. 414.)

Defendant argues there is no way to know whether the National Institute for Occupational Safety and Health Guide relied upon by the prosecution addressed all the myriad factors that could influence the flash point of gasoline. (Evid. Code, § 452, subd. (h).) That the flash point of gasoline is affected by a "myriad of factors" is speculation by defendant not supported by the record. Defendant did not introduce any evidence or authority before the trial court that indicated the flash point of gasoline changes based on any factors. The trial court therefore did not abuse its discretion in finding the National Institute for Occupational Safety and Health Guide from the Centers for Disease Control and Prevention Web site was a source "of reasonably indisputable accuracy" for purposes of judicial notice. (Evid. Code, § 452, subd. (h).)

Because defendant was given sufficient notice, considering the nature of the request for judicial notice, and presented no authority that rendered the flash point of gasoline reasonably subject to dispute, the trial court did not abuse its discretion in taking judicial notice of the flash point of gasoline as described on the National Institute for Occupational Safety and Health Guide from the Centers for Disease Control and Prevention Web site.

## DISPOSITION

The judgment is affirmed.


PEÑA, J.

WE CONCUR:


LEVY, Acting P. J.


SNAUFFER, J.

11.